IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.          ) | No. 8:17cr578-TDC |
| KIONE BANKS        ) | |
| ) | |
| Defendant.     ) | |

## DEFENDANT KIONE BANKS' MOTION
## FOR A BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the defendant, Kione Banks, through counsel, respectfully moves this Court for an Order directing the government to produce a bill of particulars as to the indictment.

### STATEMENT OF FACTS

The indictment charges Mr. Banks with three counts of Hobbs Act robbery allegedly occurring on June 16, 2017, and three companion counts of use of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. 924(c). However, the indictment contains only a bare recitation of the elements of the offenses. See generally, Dkt. 36. The counts do not specify the actions taken by Mr. Banks or any of his co-defendants in relation to the robberies or the firearm counts.

### PARTICULARS SOUGHT

As to each count, Mr. Banks seeks particulars as to what specific actions he allegedly took with respect to each robbery, and what actions he took in terms of carrying or brandishing a firearm in relation to each specific robbery.

1

**ARGUMENT**

I.  **Governing law**

Federal Rule of Criminal Procedure 7(f) allows a defendant to move for a bill of particulars to acquire more information about the charges brought against him in a vague or broadly worded indictment. The purpose of a bill of particulars is to "enable a defendant to obtain sufficient information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and plead acquittal or conviction in bar of another prosecution for the same offense." *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). "[W]here an indictment adequately states an offense but fails to give the defendant sufficient notice to avoid surprise at trial, a court, in its discretion, may order a bill of particulars to supplement the indictment." *United States v. Mandel*, 415 F. Supp. 997, 1016 (D. Md. 1976) (internal citations omitted). However, a bill of particulars should not "be used to provide detailed disclosure of the government's evidence in advance of trial." *United States v. Automated Medical Labs, Inc.*, 770 F.2d 399, 405 (4th Cir. 1985).

A district court has broad discretion to grant a defendant's request for a bill of particulars. *United States v. MacDougall*, 790 F.2d 1135, 1153 (4th Cir. 1986). Rule 7(f), which governs the instant motion, was specifically amended in 1966 by removing the "good cause" requirement "to encourage a more liberal attitude by the courts towards bills of particulars." Fed. R. Crim. P. 7 Advisory Committee Notes to 1966 Amendment. While the Fourth Circuit has not set forth a test for ruling on a motion for a bill of particulars, federal courts typically consider three factors when ruling on a request for a bill of particulars: (1) the complexity of the charges, (2) the clarity of the indictment, and (3) the discovery available. *United States v. Walker*, 922 F. Supp. 732, 379 (N.D.N.Y. 1996); *United States v. Diaz*, 675 F. Supp. 1382, 1390 (E.D.N.Y. 1987).

Finally, any doubt about whether to grant a bill of particulars should be "resolved in favor of disclosure." *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. 1971); *see also United States v. Tucker*, 262. Supp. 305, 307 (S.D.N.Y. 1966)("since a defendant is presumed innocent…it cannot be presumed that he knows the particulars sought."); *United States v. Rogers*, 617 F. Supp. 1024, 1028 (D. Colo. 1985)(the defendant must be "given the benefit of the doubt in gray areas").

## II.   A Bill of Particulars is warranted in this case

A bill of particulars is warranted in this case in light of the multiple robberies charges, and the multiple co-defendants involved in the offense.

While in some cases, a vague and broadly-worded indictment can be made clear through discovery, in this case the discovery somewhat complicates matters because it includes material relating to a number of uncharged robberies, and it is not readily apparent in which of these robberies the government will contend that Mr. Banks was involved.

## CONCLUSION

For all of the foregoing reasons, Mr. Banks respectfully asks this Court to order the government to produce a bill of particulars, as specified above.

Respectfully submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, D. Md. Bar. 07233
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
eugene@burnhamgorokhov.com

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing document with the court and a copy will be provided via ECF to the AUSA of record.

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, D. Md. Bar. 07233
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 265-2173 (fax)
eugene@burnhamgorokhov.com