IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND
Southern Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 8:17cr578-TDC |
| KIONE BANKS | ) | |
| | ) | |
| Defendant. | ) | |

## **DEFENDANT KIONE BANKS' MOTION TO DISMISS COUNTS**

Defendant Kione Banks, through counsel, respectfully moves the Court to dismiss counts Two, Four and Six of the indictment pursuant to Fed. R. Crim. Proc. 12(b) because these counts fail to state an offense. In support of his motion, Mr. Banks states as follows:

### **FACTUAL BACKGROUND**

A grand jury returned a six-count indictment against Mr. Banks and three co-defendants on October 30, 2017.

Counts One, Three and Five of the indictment alleged separate instances of Hobbs Act robbery by Mr. Banks and his co-defendants, all occurring on June 16, 2017. Counts Two, Four and Six are companion counts of using, carrying, or brandishing a firearm in relation to a crime of violence under 18 U.S.C. 924(c), in each of the foregoing instances. These 924(c) counts are the subject of the instant motion to dismiss.

# ARGUMENT

Count Two, Four and Six the Indictment charge Mr. Banks with possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). The specific crime of violence at issue (i.e., the predicate offense) is Hobbs Act Robbery, set forth in 18 U.S.C. 1951(a). The question presented is whether Hobbs Act Robbery may constitute a crime of violence, as that term is defined by 18 U.S.C. § 924(c). If it does not, then Counts Two, Four and Six fail to state an offense as a matter of law, and those counts must be dismissed.

"Crime of violence" is defined under § 924(c)(3) as follows:

"(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and –

    (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or

    (B) that by its nature, involves a substantial risk that physical force against
the person or property of another may be used in the course of committing the offense."

18 U.S.C. § 924(c). Subsection (A) is commonly called the "force clause," and subsection (B) is commonly called the "residual clause." *United States v. Fuertes*, 2015 U.S. App. LEXIS 14475 at 23 (4th Cir. 2015).

As will be argued in greater detail below, Hobbs Act Robbery fails to meet section 924(c)'s definition for a "crime of violence," and section 924(c)'s residual clause is voice for vagueness. Accordingly, the 924(c) counts should be dismissed.

    **A.**    **The categorical approach to determining whether a given predicate offense qualifies as a "crime of violence" under 18 U.S.C. § 924(c).**

Whether any given crime is a "crime of violence" under § 924(c) is a question of law courts answer by applying the so-called "categorical approach." *Fuertes*, *supra* at 23; *U.S. v. Naughton*, 2015 U.S. App. LEXIS 15592 at 18 (4th Cir. 2015)(unpublished); *accord United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003)("we use the so-called categorical approach…to determine whether [a crime] satisfies the definition of § 924(c)(3)"); *Omar v. INS*, 298 F.3d 710, 717 (8th Cir. 2002)(applying categorical approach to determine whether involuntary manslaughter is a crime of violence under §924(c)); *United States v. Amparo*, 68 F.3d 1222, 1224 (9th Cir. 1995)("this circuit has adopted a categorical approach to determining which offenses are included under section 924(c) as crimes of violence"); *United States v. Serafin*, 562 F.3d 1105, 1108 (10th Cir. 2009)(applying categorical approach to determine whether possession of unregistered weapon is a crime of violence under § 924(c)); *United States v. McGuire*, 706 F.3d 1333, 1336 (11th Cir. 2013)(applying categorical approach to determine whether §32(a)(1) offense is a crime of violence under § 924(c)); *but see United States v. McDaniels*, 2015 U.S. Dist. LEXIS 158209 (EDVA 2015)(Ellis, J.).

Under the categorical approach, the Court "look[s] only to the fact of conviction and the statutory definition of the [] offense," "including the most innocent conduct" criminalized by the statute, to determine whether an offense qualifies as a "crime of violence." *Fuertes*, 2015 U.S. App. LEXIS 14475 at 24 (citing *James v. United States*, 550 U.S. 192, 202 (2007)); *United States v. Torres-Miguel*, 701 F.3d 165, 167 (4th Cir. 2012)("[The categorical approach 'looks only to the statutory definition of the…crime and the fact of conviction to determine whether the conduct criminalized by the statute, including the most innocent conduct, qualifies as a 'crime of violence.'"). "[W]hen a

statute defines an offense using a single, indivisible set of elements that allows for both violent and nonviolent means of commission, the offense is not a categorical crime of violence [under the force clause]." *Fuertes*, *supra*. at 25.

### B. Hobbs Act Robbery does not meet section 924(c)'s definition of a crime of violence under the force clause.[1]

In *United States v. Johnson*, the Supreme Court held that "physical force" means "*violent* force" – that is "strong physical force," that is "capable of causing physical pain or injury to another person." Johnson, 559 U.S. at 140 (emphasis in original). In *Torres-Miguel*, the Fourth Circuit held that the threat of any physical injury, even "serious bodily injury or death" does not require the use of violent physical force necessary to qualify as a "crime of violence" under the force clause. *Torres-Miguel*, 701 F.3d 165.

In Torres-Miguel, supra, the Fourth Circuit considered whether the defendant should receive an enhancement for a crime of violence under the sentencing guidelines. The Court in that case drew the distinction between the *use* of force, and the result that is accomplished. The Court held that the mere fact that an injury resulted from an action does not mean that the action entailed the use of violent force. In doing so, the court gave the example of threatening to poison somebody as an instance not involving physical force or threatened physical force. Id. at 168-169.

Hobbs Act robbery, as defined in § 1951, does not meet the definition of a crime of violence under the force clause because it can be accomplished by putting someone in fear of future injury to his person or property, which does not require the use, attempted use, or threatened use of "violent force." The act of placing another in fear of physical

---

[1] The issue of whether Hobbs Act robbery constitutes a crime of violence for purposes of 924(c) is currently pending before the Fourth Circuit in *United States v. Hassan Ali*, Case No. 15-4433.

4

injury constitutes, at most, a threat of physical injury to another, which plainly does not require the use or threatened use of "violent force" against another. The Fourth Circuit's decision in Torres-Miguel, 701 F.3d 165, is directly on point. For example, one could conceivably commit Hobbs Act robbery by threatening to erase valuable data on the victim's computer or smartphone, or by threatening to cut power and water to the victim's home. Such conduct would violate the Hobbs Act, yet not require the use of violent force. Accordingly, Hobbs Act does not have as an element the use, attempted use, or threatened use of force.

      C.      **Section 924(c)'s residual clause is void for vagueness.**

The next question, then, is whether Hobbs Act robbery is a crime of violence under the residual clause of section 924(c).

In *Johnson v. United States*, the Supreme Court invalidated the residual clause under § 924(e), also known as the Armed Career Criminal Act ("ACCA"), which defined the term "violent felony." That clause read as follows:

> "any crime punishable by imprisonment for a term exceeding one year … that
>
> (i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."

§ 924(e)(2)(B)(residual clause *italicized*).

The Supreme Court, after noting that ACCA's definition of "violent felony" required courts to apply a categorical approach when determining whether any particular crime qualified as a "violent felony," concluded that the "indeterminacy of the wide-

5

ranging inquiry required by the residual clause" under the categorical approach rendered the residual clause unconstitutionally vague. *Johnson*, 135 S. Ct. 2551, 2557.

The Court explained that the categorical approach, when applied to ACCA's residual clause, "leaves grave uncertainty about how to estimate the risk posed by a crime" and "how much risk it takes for a crime to qualify as a violent felony." *Id.* at 2557-8. This is because in estimating the risk, courts are asked to ignore the actual facts of the case, and instead to rely on an idealized scenario—"a judicially imagined 'ordinary case' of a crime." *Id.* "By combining indeterminacy about how to measure the risk posed by a crime with indeterminacy about how much risk it takes for the crime to qualify as a violent felony, the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates." *Id.* at 2558.

No relevant distinction can be drawn between ACCA's residual clause and § 924(c)'s residual clause. § 924(c)'s residual clause, like the residual clause in ACCA, also requires a categorical approach. Moreover, both clauses employ substantially similar statutory language. Despite the slight textual difference between the two provisions, at least one court of appeals confronted with this question has concluded that a similar residual clause is void. *See Dimaya v. Lynch*, 803 F.3d 1110, 2015 U.S. App. LEXIS 18045 (9th Cir. 2015)(holding that 18 U.S.C. § 16's residual clause is invalid after *Johnson*);

In *Dimaya,* the Ninth Circuit was confronted with § 16's residual clause, which is textually identical to the residual clause under § 924(c). *See* 18 U.S.C. § 16(b)(defining "crime of violence" as "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be

6

used in the course of committing the offense."). The court, after noting that the *Johnson* Court's reasoning hinged on ACCA's reliance on the categorical approach, and finding that the residual clause under § 16 is likewise subject to the categorical approach, concluded that the clause faces the same "unpredictability and arbitrariness," and is therefore void for vagueness. *Id.* at 12-13.

The reasoning in *Dimaya* applies with equal force to this case. Simply put, the fundamental defect that rendered ACCA's residual clause unconstitutionally vague is the requirement that the clause be subject to a categorical approach analysis. This defect is also present in § 924(c)'s residual clause. Thus, after *Johnson*, § 924(c) is similarly void.

## CONCLUSION

For all of the foregoing reasons, counts Two, Four and Six fail to state an offense under section 924(c), and must therefore be dismissed.

Respectfully Submitted,

By: /s/ *Eugene V. Gorokhov*
Eugene Gorokhov, D. Md. Bar. 07233
*Attorney for Defendant*
BURNHAM & GOROKHOV, PLLC
1424 K Street NW, Suite 500
Washington, DC 20005
(202) 386-6920 (phone)
(202) 765-2173 (fax)
eugene@burnhamgorokhov.com

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing document with the Court using the CM/ECF system which will provide notice and access to the AUSA and all counsel of record.

                                                    Respectfully Submitted,

                                                   By: /s/ *Eugene V. Gorokhov*
                                                 Eugene Gorokhov, D. Md. Bar. 07233
                                                 *Attorney for Defendant*
                                                 BURNHAM & GOROKHOV, PLLC
                                                 1424 K Street NW, Suite 500
                                                 Washington, DC 20005
                                                 (202) 386-6920 (phone)
                                                 (202) 765-2173 (fax)
                                                 eugene@burnhamgorokhov.com